IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                      ORDER

                  Plaintiff,

                                     09-cv-463-bbc

     v.

PETER HUIBREGTSE, Warden;
MONICA HORNER, Security Dir;
GARY BOUGHTON, Asst. Warden;
MS. HOEM, (Dr.) - Psychologist;
MS. S. SHARPE, (Dr.)(Psychologist);
KEVIN KALLAS (MD), Psychiatrist;
RUBIN-ASH, Psychologist;

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                  Plaintiff,

                                     09-cv-464-bbc

     v.

PETER HUIBREGTSE;
JUDITH HUIBREGTSE;
GARY BOUGHTON;
MONICA HORNER;
LT. HANDFEILD; LT. TOM;
C.O. JONES; C.O. LEFTLER;

C.O. BELZ SR.; CAPT. HOOPER;
C.O. MULLUSK; C.O. COCKROFT;
RICK REAMISCH; and CAPT. MASON,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff Jackie Carter, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has submitted a proposed complaint in each of these cases. He has not included with his complaints payment of the $350 fees for filing these cases. Therefore, I construe plaintiff's complaints to include requests for leave to proceed in forma pauperis.

        Because plaintiff is a prisoner, he is subject to the 1996 Prison Litigation Reform Act. This means that before this court may decide whether plaintiff can proceed in forma pauperis, he will have to make initial partial payments of the filing fees for each action. Plaintiff has not submitted a trust fund account statement from which I can calculate the amount of his initial partial payments. However, he did submit such a statement recently in connection with another lawsuit in this court, Carter v. Sickenger, 09-cv-427-bbc, which I have copied for use in these cases. From this statement, I have calculated plaintiff's initial partial payment in each case to be $11.30. If plaintiff does not have the money to make the initial partial payments in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fees from his release account.

The only amounts plaintiff must pay at this time are the $11.30 initial partial payments. Before prison officials take any portion of these amounts from plaintiff's release account, they may first take from plaintiff's regular account whatever amount up to the full amount plaintiff owes. Plaintiff should show a copy of this order to prison officials to insure that they are aware they should send plaintiff's initial partial payments to this court.

ORDER

IT IS ORDERED that

1. Plaintiff is assessed $11.30 as an initial partial payment of the $350 fee for filing case no. 09-cv-463-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $11.30 on or before August 14, 2009.

2. Plaintiff is assessed $11.30 as an initial partial payment of the $350 fee for filing case no. 09-cv-464-bbc. He is to submit a check or money order made payable to the clerk of court in the amount of $11.30 on or before August 14, 2009.

3. If, by August 14, 2009, plaintiff fails to make the initial partial payments in either case or show cause for his failure to do so, he will be held to have withdrawn that action voluntarily. In that event, the clerk of court is directed

to close the file without prejudice to plaintiff's filing his case at a later date.

Entered this 27th day of July, 2009.

                                      BY THE COURT:
                                      /s/
                                      BARBARA B. CRABB
                                      District Judge