IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACKIE CARTER,

                                      ORDER

           Plaintiff,

                                  09-cv-463-bbc

    v.

PETER HUIBREGTSE (Warden); MONICA
HORNER (Security Director); GARY BOUGHTON
(Assit. Warden); Ms. HOEM, Psychologist;
Ms. S. SHARPE, Psychologist; KEVIN KALLAS,
Psychiatrist; RUBIN ASH, Psychologist,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This the third of four proposed civil actions for injunctive and monetary relief brought under 42 U.S.C. § 1983 by plaintiff Jackie Carter. Plaintiff, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, asks for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. From the financial affidavit plaintiff has given the court, I conclude that he is unable to prepay the full fee for filing this lawsuit. He has paid the initial partial payment of $11.30 as required under § 1915(b)(1).

      In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the

1

litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit, or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a respondent who by law cannot be sued for money damages.  28 U.S.C. § 1915(e).  I conclude that plaintiff's complaint fails to comply with Fed. R. Civ. P. 8.

From plaintiff's complaint, I find that he has fairly alleged the following.

ALLEGATIONS OF FACT

A.  Parties

Plaintiff Jackie Carter is incarcerated in the Columbia Correctional Institution in Portage, Wisconsin, but his allegations concern his previous incarceration in the Wisconsin Secure Program Facility in Boscobel, Wisconsin.  All defendants are employed at the Wisconsin Secure Program Facility.  Defendant Peter Huibregtse is the warden, defendant Gary Boughton is the assistant warden and defendant Monica Horner is the security director.  Defendants Ms. Hoem, Ms. S. Sharpe and Rubin Ash are all psychologists.  Defendant Kevin Kallas is a psychiatrist.

B.  Plaintiff's Mental Health

2

Plaintiff has been diagnosed as suffering from numerous mental illnesses. His conditions produce the following symptoms: visual and audio hallucinations, increased thoughts of suicide, hypersensitivity to noise and touch, paranoia, insomnia, distortions of time and perception and uncontrolled feelings of rage and fear. Plaintiff has informed all defendants about his mental illnesses and has told them that his conditions disqualify him from being housed at the Wisconsin Secure Program Facility. Despite plaintiff's notifications, he remains housed at the Wisconsin Secure Program Facility. According to plaintiff, "These defendants are deliberate [sic] indifferent to my needs, and [sic] allowing me to be knowing [sic] subjected to this mental, physical & emotional pain and suffering as they're hiding me along with many others in their segregation units that they've eased under the radar back into this torture chamber after the Judge clearly ordered us out. (Mental prisoners)." Cpt., dkt. #1 at 5.

DISCUSSION

I understand plaintiff to be asserting that his mental illnesses prohibited defendants from housing him at the Wisconsin Secure Program Facility. Plaintiff alleges that "the Judge" issued an order that prisoners with mental illnesses could not be housed at the Wisconsin Secure Program Facility. Plaintiff's claim appears to be premised on the argument that he is entitled to relief because by housing plaintiff at the Wisconsin Secure

3

Program Facility, defendants violated the consent decree issued in <u>Jones 'El v. Litscher</u>, Case No. 00-C-421-C, (W.D. Wis. 2002), a class action lawsuit that challenged the conditions of confinement at the Wisconsin Secure Program Facility. However, that consent decree expired and no longer controls whether inmates with mental illnesses can be housed at the Wisconsin Secure Program Facility. Thus, housing plaintiff at the Wisconsin Secure Program Facility despite his mental illnesses does not necessarily entitle him to any relief.

Instead, if plaintiff wants to state a claim for violation of his Eighth Amendment rights to be free from cruel and unusual punishment, he would need to allege facts from which I could find that (1) the conditions to which he was subject at the Wisconsin Secure Program Facility were sufficiently serious to deny him "the minimal civilized measure of life's necessities"; (2) defendants were aware that those conditions posed "a substantial risk of serious harm" to plaintiff; and (3) they disregarded that risk by failing to "take reasonable measures to abate it." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 847 (1994). Plaintiff's current complaint contains allegations regarding his mental illnesses. However, he does not say anything about how the conditions of confinement at the Wisconsin Secure Program Facility were sufficiently serious to create a substantial risk of serious harm to him or whether defendants were deliberately indifferent to such a risk.

As pointed out to plaintiff in his previous cases filed in this court, "[t]he primary purpose of [Rule 8] is rooted in fair notice: Under Rule 8, a complaint must be presented

4

with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services, Inc., 20 F.3d 771, 775 (7th Cir. 1994) (quotations omitted). A complaint must contain allegations sufficient to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). The allegations must provide more than the "sheer possibility" of liability to meet the requirements of Rule 8. Iqbal, 129 S. Ct. At 1949. What is required is *plausibility*. Id.

Plaintiff's complaint fails to satisfy Rule 8. He has not made any allegations about the specific conditions of confinement at the Wisconsin Secure Program Facility that would allow a court to conclude that defendants' decision to house plaintiff there showed that defendants were deliberately indifferent to plaintiff's serious mental health needs. Plaintiff says that he has mental illnesses and that he believes that those illnesses should keep him from being housed at the Wisconsin Secure Program Facility. This is not enough to put defendants on notice about their own alleged violations of plaintiff's constitutional rights.

Because plaintiff's complaint violates Rule 8, it must be dismissed, but I will give him an opportunity to amend his complaint to fix the problems I have identified. If plaintiff submits a proposed amended complaint by November 20, 2009 that complies with Rule 8, I will take it under advisement for screening pursuant to 28 U.S.C. § 1915(e)(2). However,

5

if he does not, I will close his case and assess plaintiff a strike in accordance with § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted.

ORDER

IT IS ORDERED that

1. Plaintiff Jackie Carter's complaint is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until November 20, 2009, in which to submit a proposed amended complaint that complies with Rule 8. If he does not do this by November 20, 2009 or show a good reason for not doing so, I will close this case and assess plaintiff a strike in accordance with § 1915(g) for filing a complaint that fails to state a claim upon which relief can be granted;

2. Plaintiff is required to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Columbia Correctional Institution of that institution's obligation to deduct payments until the filing fee has been paid in full.

Entered this 5th day of November, 2009.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge